Be sure we have Ms. McCord. Do you want to turn your camera, Ms. McCord? Thank you. Okay, Ms. Talley, please proceed. Good afternoon. May it please the court, my name is Sylvia Talley, and I represent the appellate Jason Woodring. In 2015, following his guilty pleas of various offenses, Mr. Woodring was sentenced to 180 months imprisonment and five years of supervised release. He was also ordered to pay a special assessment of $400 and over $4 million in restitution. As relevant here in setting the restitution payment schedule, the district court ordered him to pay 50% per month of earned income available to him during his incarceration. In 2021, after discovering that Mr. Woodring had accumulated roughly $2,000 in his inmate trust account, the government moved for an order authorizing the BOP to turn over half those funds, roughly $1,000, to be paid towards his restitution obligation. In seeking the funds, the government referenced 18 U.S.C. section 3664 N, but it mainly relied on its interpretation of the criminal judgment. Now, the government then argued that the funds sought were earned income, and besides asserting that Mr. Woodring received an unspecified stimulus payment, the government made no effort to prove the sources of the funds or the composition of his inmate account balance. Instead, the government argued that Mr. Woodring was required to pay 50% of earned income and 50% of all funds available to him, and that in accordance with the criminal judgment, the district court should enter an order authorizing the BOP to turn over the requested funds. Counselor, can I ask you a factual question, which is, does the record show how much the COVID payments were for? No, Your Honor, it does not. Okay, thank you. You're welcome. And without any explanation, the district court granted the government's motion. It is believed that the district court's lack of explanation in itself requires vacating the district court's order because this court is unable to conduct a meaningfully, meaningfully review the court's order, basically. But assuming that the district court relied on the government's misrepresentation that Mr. Woodring was required to pay 50% of all funds available to him, the district court erred and granted the motion issuing the authorization order. Counselor, I wanted to ask you about the Fifth Circuit case. You've highlighted the different statutory provisions. You've highlighted the district court's order, and I know you have more to say, but there's this case ran from the Fifth Circuit, 924 F 3rd 140, where they basically said that a district judge sort of has the inherent authority to go in and take, or order the, allow the government to go in and take an inmate's money. And it seemed very similar and on point to this case. What would you say about the Rand case? The Rand case, I think it conflicts with this court's case in Wright Snyder. In Wright Snyder, the court said that the government can enforce a restitution order beyond the terms of the restitution payment schedule. And in that case, I believe the court vacated the district court's order because I believe in that case, the and it had to commence 30 days after his judgment. And the government argued that a criminal judgment actually said that payment was due immediately. And this court said, no, the criminal judgment specifies that payments were due in installments. And because the payments were due in installments, the court didn't have the authority to collect that money from defendants' inmate trust account. Okay. Let me ask you about 3664N. That is something the is your point that they have not proven that it's a substantial resource. And it relates to the question I asked earlier, because we don't even know how much the COVID payments were for. That is correct. Yes. Because I'm not, I cited Kidd and my- Counsel, let me interrupt you. Let me interrupt you. Weren't COVID payments for a set amount? Actually, I'm not sure how much. I think it depends on the earned income or something like that, how much individual received. Okay. At any rate, it wasn't before the district judge, right? That's correct. It wasn't before the district court. The district court didn't have that information. Okay. Proceed. Okay. Sorry. And I believe I was saying, I cited Kidd in my Rule 28J letter. And I believe Kidd talked about substantial resources and how accumulated prison wages doesn't constitute a substantial resource on a 3664N. And I also believe it noted that in the context of 3664N, Congress was focused on a single transaction. Do you think the Kidd opinion means that you get a remand? Yes, I do. Because in that case, the government, I mean, the district court said that that it was granting the government's motion pursuant to 3664N and any resources that the defendant receives qualifies of substantial resources. And also, this court pointed out that the record in Kidd was unclear about where the funds came from. And then do you agree with what this court says a few pages earlier, that the inference for a 3664N is Congress was concerned about single payments from outside sources? I agree. Yes. Yes, Your Honor. Okay. Thank you. And also, I think I was at the sentencing transcript. I'm sorry. I think the record is clear. And from the sentencing transcript, that he was only required to pay 50% per month of earned income available to him. And in this case, the government neither argued nor proved that the funds sought were earned income. And because the government can't enforce more than what's in the restitution payment schedule, the government then have the authority to collect the $1,000 from Mr. Woodring's trust account. Well, let me ask you about that issue, because I think these are independent in the sense of the statutory authorization would be independent. So had the district court made a finding that this was a substantial resource, I don't see why the entire amount wouldn't be paid to the government in restitution. After all, as you say, it's not earned income, so it's not covered by the order. And so the entire COVID payment should go towards restitution if the district court decided to order that under N. Am I wrong about that? Well, it depends on if that payment, whatever the payment is, actually constitutes substantial resources. I agree. And I haven't found any case that definitively says what is a substantial resource. And I believe the court in Keene even made the notation that 36, the government said that it applies to considerable wealth or considerable worth. And this court said compared to what? So I don't think we have a definitive answer on what constitutes a substantial resource. I agree with you, but it could be one of those cases where you need to be careful what you ask for because the case could go back down. The government could say this is a substantial resource and therefore he has to pay 100 percent of the COVID check in assuming that the court's right for restitution. I do agree with that because under 36, 64, and it says the value of the substantial resource. So the whole whatever that source is, could the government could snatch that. Yes, I do agree with that. And because also it seems that from the court order, which is like three sentences long, the government in its motion, it asked to enforce the criminal judgment and that's why he should turn over the funds. So it's assumed that that's what the district court probably did, relying on the government's misrepresentation that he was supposed to pay 50 percent of all funds. So and that in assuming that the government did that, I mean, assuming that the district court did that, that was error. And that is why I request that this court reverse the district court's order and remain with instructions that the money be returned to Mr. Woodbring or in the alternative remain for further clarification of the record or building of the record. Counsel, I wanted to ask you about 36, 64K, which I think the government relies on now. One of the requirements of that, and I'm going to ask the government the same thing, was the government has to has to notify the victim or victims of restitution of the change in circumstances. Was that done in this case? Does the record show that? No, it wasn't done in this case because the below in the district court, the government didn't rely on 36, 64K. It made no mention of 36, 64K. OK, thank you. But to be sure that I don't miss you, the victims weren't notified. That is correct, the victims were not notified. No question about that in this record. Right. Right. Thank you. And if the court doesn't have any more questions, I'd like to reserve the remainder of my time for a rollout, please. And you may. Thank you. Ms. McCord. May it please the court. My name is Stacey McCord. I'm an assistant U.S. attorney and I represent the United States. Your honors, under the Crime Victims' Rights Act, crime victims are entitled to full and timely restitution. And the United States is responsible for collecting that restitution. And we may use all available and reasonable means to do so. And once a criminal judgment imposing restitution is entered, the United States obtains a lien on all the defendant's property and rights to property. Mr. Woodring pled guilty to several a special assessment of $400 and $4 million in restitution. And his criminal judgment was entered in June 2015. My office, the U.S. attorney's office, was notified that Mr. Woodring had received a stimulus payment. And his balance in his BOP account was $2,001.75. So counsel, why not do this? Oh, go ahead.  Why not do this the right way? And I know you think you did it the right way, but why not do it the right way? Establish a record of how much the COVID payments were for. Proceed under either the criminal, the differ courts order or one of these statutory provisions. It seems like the government kind of took the attitude, we can get this no matter what, and we don't have to follow what the statute says. I apologize, your honor, if that's how you feel. That was not my intent. I do admit that I did not put, for some reason, the amount of the stimulus payment. I did cite the CARES Act, and I think it's common knowledge that under the CARES Act, the first COVID payment, everyone got $1,200 unless you were married and then you got another, you got an additional amount. And that is also in a statute, 26 U.S.C. 6428A1. But I did cite the CARES Act that he got a Well, one of the problems, though, is they range from, we looked this up, they range, and there are some income limitations and such as well, but they range from $600 to, I believe, $1,400 and everywhere in between. And so it's hard to tell exactly what this particular claimant got, at least from the record itself. I understand, your honor. I did cite, you know, I did cite 364 in my brief. And I would point out, too, that the criminal judgment has different languages. On one page, it's 50% of earned income. On another page, it's 50% of all income available to him. And at the sentencing hearing, which I was not a party to, I was not the criminal at USA who handled the case. I'm a civil at USA who does collection work for our office. There was a hearing, and they did talk about 50% of earned income because he was afraid of the money his parents would be able to give him. This is not money his parents gave him, your honors. It's a stimulus payment. But the government wasn't proceeding here under the terms of the judgment and commitment order, was it? I thought it was proceeding strictly under the statute 3664 in. Your honor, yes, that is what was cited in my motion. Correct. So we don't have, for purposes of your motion, we don't have to pay any attention to the terms of the judgment, do we? Even though those terms do appear, maybe arguably, are inconsistent. Maybe they're not, but I'm just trying to narrow this down. Do we even have to be concerned about what the judgment said? No, sir. I don't believe you do. I do believe that the court could have ordered the money paid under 364 in, which is what we requested in our motion. But the district court didn't make a finding on the substantial resource, right? I mean, we have no finding on that. No, your honor. I agree that his opinion is short. It's brief. He says he grants the prosecution's motion, basically. But in the motion we requested under 364 in, and I think the standard of review here is abuse of discretion. So our question is, did he make an error of law? Did he make an error of finding a fact? There are cases that have, I cited in my brief, that have recognized that stimulus payments are a substantial resource under 364 in. Although that leads us back to, I bet you in those cases, they actually put the amount of the stimulus payments in there. And so if the stimulus payment is $200 out of $2,000, then you have a problem because you're also then confiscating money or taking it from, you know, paying restitution out of money that may not be connected to the stimulus payments, which is a problem. I understand, your honor. I do understand the problem that you mentioned. I do think it's common knowledge that most people got $1,200, which is the amount he got. Since you've said second time, I'll come in here. Boy, the income limits were very hard to understand on those payments, for starters. For seconds, does the record reflect his marital status? That definitely affected and dependents affected it. So I think the tax lawyer part of this is, well, let me ask questions. Does it reflect his marital status? No, your honor. Okay. Does it affect the number of dependents he's got? No, your honor. Okay. Well, how can we tell from this order I have in front of me, how can we tell what the district court did? I understand the problem of the amount, your honor, and perhaps the best thing is for us to remand it back to make a better record for the district court. Okay. Now that's the government's position. I mean, I still believe, your honor, that it can be withheld under 3664N, but I understand that the court's feelings about the lack of the information about the amount. We do know from his reply that his account, he states stimulus payments and gifts, including savings, were in his account, and that was in his reply. So what is the government's answer to Judge Benton's question? What is the government's position on remand? Should we? Should we not? I think it can still be affirmed, your honor, but, you know, if it, but if it is remand, unlike with the appellant request, which is remanded to give the money back, I think it should be remanded for further development of the record. Was that the bottom line in Kidd too? Yes, your honor, but in Kidd, I'm sorry. In Kidd, there was no mention of stimulus payments at all. No, I got that, but I'm looking at the last page of the Kidd opinion, I think. They do remand it, your honor, for an additional, for additional hearing to determine the amount, because there is no mention at all for just an account balance. Here we know from his own reply that there's more than just earnings in his account. They just knew the amount. So they remanded it for further development of the record. I would like to, I'm sorry, I just lost myself for a second. Your honor, I would like to address the 3664K issue. I do want to withdraw my argument on that. The United States did not certify to the court that the victims were notified, and so it would not have been proper for the court in its order to modify the payment agreement. So I do want to withdraw my argument on that. I did not raise it below, as the appellant pointed out, but I do think that the court can sometimes address arguments that were not raised below, but I did not certify to the court. If there are not any more questions, your honor, I will rest. Okay, thank you for the argument. Ms. Talley? I would like to address some of the arguments that opposing counsel made. Counsel says that the written judgment is ambiguous. Assuming that's true, we have the sentencing transcript, and the court said 50% of earned income, and when there's a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. Also, I believe counsel stated that it mainly relied on 3664N in seeking the funds, but I believe in his reply before the district court, it said, in accordance with the criminal judgment, the court should enter an order authorizing the BOP to turn out those funds. Also, counsel conceded that 3664K does not apply. I agree with that concession, and I think it's worth noting that in Ray Snyder, the district court, the government relied on the criminal judgment, relied on 3664N, and the government cited 3664K. And in granting that motion, the district court said, for the reasons stated in the government motion, that I'm granting this court, we can assume that the district court could uphold it under 3664N. It assumes that this court can uphold the district court's order under 3664N, but Ray Snyder, it cuts against that. It says, in that case, the government cited 3664N in this motion, and the court still said that the order is unclear. So, I think Ray Snyder definitively answers the question here that vacation of the order is required. That is all I have. Thank you. Okay, thank you both for the argument. Case number 21-1499 is submitted for decision by the court. Ms. Rudolph, does that